IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| LEVELLE GRANT, | ) | |
| | ) | |
| Petitioner, | ) | No. 2:14-cr-00412-DCN |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on petitioner Levelle Grant's ("Grant") motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255, ECF No. 112, and the government's motion to dismiss, ECF No. 118. For the reasons below, the court denies Grant's motion and grants the government's motion.

**I.   BACKGROUND**

On June 11, 2014, a grand jury charged Grant with three counts of being a felon in possession of a firearm. The bases for two of those counts were arrests made by the Colleton County Sheriff's Office when officers attempted to stop Grant for speeding and Grant fled from the officers at a high rate of speed. Both times officers found a firearm in Grant's car after apprehending him. Grant was classified as an armed career criminal under the Armed Career Criminal Act ("ACCA") because he has three prior convictions for burglary under South Carolina law. Under the ACCA, Grant faced a mandatory minimum sentence of 15 years. Based on Grant's other criminal history, he faced an even higher sentencing range under the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines").

1

Because Grant was less than 18 years old when he committed the three burglaries and because the government "concluded that the mandatory minimum under 18 U.S.C.§ 924(e) was (somewhat) greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553", ECF No. 118-1 at 3, the government filed an information for two counts of Possession of a Firearm in a School Zone to avoid the ACCA mandatory minimum sentence, ECF No. 71.  Pursuant to a plea agreement, Grant pleaded guilty to the information.  ECF No. 75.  Based on Grant fleeing officers twice, the pre-sentence report ("PSR") applied a two-level adjustment to Grant's offense level for reckless endangerment during flight pursuant to U.S.S.G. § 3C1.2, which the court adopted.  ECF No. 112-1 at 21.  The government then filed a motion for an upward departure and upward variance.  ECF No. 88.  In that motion, the government argued that an upward departure was warranted pursuant to U.S.S.G. § 5K2.21, which permits the court to depart upward to reflect the actual seriousness of the offense based on conduct underlying a charge that was dismissed during a plea agreement.  The government also sought an upward variance pursuant to 18 U.S.C. § 3553(a) based on a need to protect the public from further crimes committed by Grant and to promote respect for the law.  On November 23, 2015, the court applied both an upward variance and upward departure and sentenced Grant to 120 months of imprisonment and 2 years supervised release.  The Fourth Circuit affirmed Grant's sentence.  United States v. Grant, 665 F. App'x 304 (4th Cir. 2016).  Grant filed a petition for writ of certiorari, which was denied on May 1, 2017.  Grant v. United States, 137 S. Ct. 2104 (2017) (Mem.).

Grant, acting pro se, filed his § 2255 motion on November 16, 2017.  ECF No. 112.  The government subsequently filed a motion to dismiss on January 12, 2018.  ECF

No. 118. Grant responded to the government's motion on January 30, 2018. ECF No. 121. Both motions are ripe for review.

## II.  STANDARD

Federal district courts are charged with liberally construing petitions filed by pro se litigants to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Pro se petitions are therefore held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). Liberal construction, however, does not mean that a court may ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Soc. Servs., 901 F.3d 387, 390-91 (4th Cir. 1990).

Pursuant to 28 U.S.C. § 2255(a):

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

The petitioner must prove the grounds for collateral attack by a preponderance of the evidence.[1] See King v. United States, 2011 WL 3759730, at *2 (D.S.C. Aug. 24, 2011) (citing Miller v. United States, 261 F.2d 546, 547 (4th Cir. 1958)).

---

[1] In deciding a § 2255 petition, the court shall grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). The court has reviewed the record in this case and has determined that a hearing is not necessary.

### III.  DISCUSSION

Grant raises three issues in his motion. First, he argues that the court erred in double counting sentencing enhancements under U.S.S.G. § 3C1.2 and 18 U.S.C. § 3553(a) and that his counsel was ineffective for failing to object to and/or appeal the double counting. Next, Grant contends that the court committed procedural error under 18 U.S.C. § 3553(a) by imposing an upward variance in his sentence based on the fact that he was an armed career criminal and that his counsel was ineffective for failing to object to and/or appeal the error. ECF No. 112-1 at 3. Finally, Grant argues that the court erred in enhancing his sentence under U.S.S.G. § 5K2.21 based on the fact that he was an armed career criminal, that the court erred in considering the same conduct under § 5K2.21 and § 3553(a), and that his counsel was ineffective for failing to object to and/or appeal the error. The court addresses each argument in turn.

**A.  Double Counting Under U.S.S.G. § 3C1.2 and 18 U.S.C. § 3553(a)**

Grant first argues that the court improperly used his reckless endangerment during flight conduct to enhance his offense level under U.S.S.G. § 3C1.2 and to vary upward under § 3553(a). Section 3C1.2 of the Sentencing Guidelines increases a defendant's offense level "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer." Section 3553(a) delineates certain factors that a court shall consider when determining whether it should vary upward or downward from the calculated Sentencing Guidelines range. In response, the government argues that arguments regarding the Sentencing Guidelines, including those regarding double counting, must be raised on appeal as opposed to during collateral review, and that Grant failed to raise this issue on appeal.

4

Moreover, the government contends that even if the court were to consider the substance of Grant's argument, the argument fails because double counting only applies when conduct is counted twice under two different Sentencing Guidelines provisions, as opposed to being counted under a Sentencing Guidelines provision and under § 3553(a).

Grant's claim regarding the court's double counting is procedurally defaulted because it was not raised on appeal. The Supreme Court has held that "nonconstitutional claims that could have been raised on appeal, but were not, may not be asserted in collateral proceedings." Stone v. Powell, 428 U.S. 465, 478 n.10 (1976). The Fourth Circuit has found this to be true of claims of double counting. See United States v. Brice, 20 F. App'x 155, 155–56 (4th Cir. 2001) (holding that the petitioner's claim for impermissible double counting under the Sentencing Guidelines "alleges non-constitutional error which may not now be asserted on collateral review"). In response, Grant argues that while this issue was not raised on appeal, his claim for ineffective assistance of counsel excuses the procedural default of his double-counting claim. "In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains." United States v. Mikalajunas, 186 F.3d 490, 492–93 (4th Cir. 1999). Ineffective assistance of counsel may be used to establish cause for default when the petitioner shows that his "attorneys' performance fell below an objective standard of reasonableness and that [he] suffered

prejudice as a result," id. at 493, which is the standard for ineffective assistance of counsel articulated in Strickland v. Washington, 466 U.S. 668 (1984).

As such, in order to determine whether the court may consider Grant's claim, the court must first address Grant's ineffective assistance of counsel claim and determine whether Grant's counsel provided ineffective assistance that would provide cause to excuse the procedural default of Grant's double-counting claim. That claim is properly before the court, as ineffective assistance of counsel claims are permitted on collateral review. See Massaro v. United States, 538 U.S. 500, 504 (2003) ("[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal."). The court's determination of whether Grant's counsel was ineffective will apply in determining whether Grant's double-counting claim is procedurally defaulted and in determining whether Grant's independent ineffective assistance of counsel claim is meritorious.

Grant initially states that his counsel was ineffective for failing to object to and/or appeal the fact that the court considered his reckless endangerment during flight conduct under § 3C1.2 and under § 3553(a). ECF No. 112-1 at 7. However, in his substantive argument on the issue, Grant argues that his counsel was ineffective for failing to adequately investigate Grant's criminal history and its application to classify him as an armed career criminal. Id. at 8–9. Construing Grant's pro se motion liberally, as it is required to do, the court will consider both arguments.

With regard to Grant's first argument, the court finds that Grant's counsel was not ineffective for failing to object to and/or appeal the fact that the court considered his reckless endangerment during flight conduct under § 3C1.2 and under § 3553(a) because

the court's consideration was not impermissible double counting. "Double counting occurs when a provision of the Guidelines is applied to increase punishment on the basis of a consideration that has been accounted for by application of another Guideline provision or by application of a statute." United States v. Reevey, 364 F.3d 151, 158 (4th Cir. 2004). "It is well established that '[t]he Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended.'" United States v. Schaal, 340 F.3d 196, 198 (4th Cir. 2003) (quoting United States v. Williams, 954 F.2d 204, 208 (4th Cir. 1992)); see also United States v. Hampton, 628 F.3d 654, 664 (4th Cir. 2010) ("[T]here is a presumption that double counting is proper where not expressly prohibited by the guidelines"). Section 3C1.2 prohibits its application "where the offense guideline in Chapter Two, or another adjustment in Chapter Three, results in an equivalent or greater increase in offense level solely on the basis of the same conduct." Application Note 1, U.S.S.G. § 3C1.2. In other words, § 3C1.2 prohibits double counting the conduct in the enhancement with another offense guideline or adjustment in the Sentencing Guidelines; however, it does not prohibit consideration of that conduct with § 3553(a).

Grant argues that impermissible double counting may occur when a court considers conduct in calculating the applicable Sentencing Guidelines range and then uses the same conduct to vary under § 3553(a), relying on United States v. Pepper, 486 F.3d 408 (8th Cir. 2007). In Pepper, the Eighth Circuit found that the district court impermissibly double counted by considering Pepper's lack of "history of violence" when varying downward under § 3553(a) when the court had already accounted for Pepper's lack of criminal history in calculating Pepper's Sentencing Guidelines range.

7

486 F.3d at 412. However, in a more recent case, the Eighth Circuit, like the Fourth Circuit, explained that "[d]ouble counting is prohibited only if the guidelines at issue specifically forbid it." United States v. Pappas, 715 F.3d 225, 229 (8th Cir. 2013). As explained above, § 3C1.2 only prohibits consideration of the same conduct under another provision of the Sentencing Guidelines. Moreover, as Grant recognizes in his response brief, case law outside of the Fourth Circuit is not binding on this court. Therefore, Pepper does not convince the court that impermissible double counting occurred.

In addition, Grant cites to United States v. Meares, 288 F. App'x 892 (4th Cir. 2008), to show that consideration of the same conduct under the Sentencing Guidelines and under § 3553(a) is impermissible. In Meares, the Fourth Circuit held that "[t]he district court indisputably used the dismissed conduct in Count Three to both calculate the advisory guideline range and depart upward under § 5K2.21. As this form of double counting is expressly prohibited by § 5K2.21, the court's application of the Guidelines was erroneous." 288 F. App'x at 894. The issue in Meares was that the court used the same conduct to calculate the applicable Guidelines range and to apply the § 5K2.21 enhancement in direct contradiction of the plain language of § 5K2.21, which prohibits this type of double counting. The district court in Meares did not improperly consider the same conduct under the Sentencing Guidelines and under § 3553(a), which is what Grant alleges here.

Grant also relies on Reevey, in which the defendant argued that the court impermissibly double counted his conduct under a threat-of-death sentencing enhancement, U.S.S.G. § 2B3.1(B)(2)(F), and under his 18 U.S.C. § 924(c) conviction and sentence for possessing a firearm during a crime of violence or drug trafficking

crime. 364 F.3d at 158. The Fourth Circuit agreed because the relevant Application Note under the Sentencing Guidelines expressly prohibited the imposition of the threat-of-death enhancement when the defendant possessed and used a firearm that he was convicted of possessing under § 924(c). Id. at 159. In other words, and again consistent with the rule articulated by the Fourth Circuit, this was an instance of impermissible double counting because the Guidelines expressly prohibited it. As discussed above, Section 3C1.2 does not prohibit the consideration of the same conduct under § 3C1.2 and § 3553(a), and the court has been unable to locate any Fourth Circuit case law that suggests otherwise. As such, the court is unconvinced that doing so is impermissible double counting.[2]

When a claim has no chance of proving meritorious, counsel is not ineffective for failing to raise it. Mikalajunas, 186 F.3d at 493. Therefore, Grant's counsel was not ineffective for failing to object to and/or appeal the court's consideration of his reckless endangerment during flight conduct under both § 3C1.2 and § 3553(a). Grant's argument that the court erred in doing so remains procedurally defaulted, and Grant's claim of ineffective assistance of counsel also fails.

As mentioned above, under this ground for relief, Grant presents two arguments as to why his counsel was ineffective. While Grant initially states that his counsel was ineffective for failing to object to and/or appeal the court's double counting under

---

[2] The court admits that the analysis here is circular. In order for the court to determine whether it can consider the merits of Grant's double-counting claim, it has to determine if counsel was ineffective for failing to raise the issue. In making that determination, the court has to consider the legal viability of the double-counting claim, because if the legal argument is untenable, then counsel cannot be ineffective for failing to raise it. In other words, despite the fact that the claim is procedurally defaulted, the court still ends up considering the merits of the claim.

§ 3C1.2 and § 3553(a), Grant substantively argues that his counsel was ineffective for failing to investigate Grant's armed career criminal designation. Grant contends that if counsel had done so, he would have discovered that Grant's burglaries were not violent felonies under the ACCA. He also argues that his counsel was deficient for failing to be apprised of the Fourth Circuit's holding in <u>United States v. McLeod</u>, 808 F.3d 972 (4th Cir. 2015), which was issued more than two months prior to Grant's sentencing. Grant argues that <u>McLeod</u> stands for the proposition that South Carolina burglary is not a violent felony under the ACCA, meaning that Grant was improperly classified as an armed career criminal, and Grant's counsel was ineffective for failing to make such an argument. However, this claim of ineffective assistance of counsel is unrelated to Grant's argument regarding alleged double counting with § 3C1.2 and § 3553(a). Counsel's alleged ineffective assistance must relate to the procedurally defaulted claim because counsel's ineffective failure to raise the claim in the first place is what provides the cause for considering a procedurally defaulted claim. Counsel's ineffective assistance with respect to one issue does not excuse counsel's failure to raise a different issue. As such, any alleged ineffective assistance of counsel related to Grant's armed career criminal designation cannot serve as cause to excuse the procedural default of Grant's claim regarding double counting. Therefore, Grant's double-counting claim is procedurally defaulted, and the court cannot consider it.[3]

---

[3] Grant raises this argument—that his counsel was ineffective for failing to realize that he was not an armed career criminal under <u>McLeod</u>—again as an independent claim of ineffective assistance of counsel with his second ground for relief, which argues that the court erred in considering Grant to be an armed career criminal. Grant's allegation of ineffective assistance of counsel could excuse the procedural default of that ground for relief, as the two are related. As such, the court substantively considers the argument in the next section.

### B. Upward Variance Based on Armed Career Criminal Status

Next, Grant argues that the court committed a procedural error under § 3553(a) by imposing an upward variance in Grant's sentence based on the fact that Grant would qualify as an armed career criminal when Grant did not actually qualify as such. Grant was not classified as an armed career criminal under the ACCA due to the plea agreement, but the fact that Grant would have been an armed career criminal absent the plea agreement was discussed in the PSR and during sentencing. Grant argues that prior to his sentencing, the Fourth Circuit held in McLeod that South Carolina burglary is not a qualifying violent felony under the ACCA, and because his armed career criminal designation would be based on South Carolina burglary convictions, he would not be an armed career criminal. Grant also argues that his counsel was ineffective for failing to object to the court treating Grant as an armed career criminal.

Again, this issue was not raised on appeal, meaning that Grant must show cause and prejudice to excuse the claim's default. To do so, Grant uses his ineffective assistance of counsel claim and particularly relies on McLeod. However, Grant's reliance on McLeod is misplaced, as McLeod does not stand for the general proposition that South Carolina burglary is not a violent felony under the ACCA.

In McLeod, the defendant challenged his armed career criminal designation on direct appeal, arguing in part that his South Carolina convictions for second-degree burglary did not qualify as violent felonies under the ACCA. 808 F.3d at 973. By brief way of background, the ACCA imposes a mandatory minimum sentence of 15 years for anyone who is convicted of being a felon in possession of a firearm and has three previous conviction for a violent felony, i.e., predicate offenses. 18 U.S.C. § 924(e)(1).

A "violent felony" includes the crime of burglary, id. § 924(e)(2)(B)(ii), which refers to the generic definition of burglary, Taylor v. United States, 495 U.S. 575, 598 (1990). In McLeod, the Fourth Circuit explained that the modified categorical approach could be used to determine whether a South Carolina burglary conviction constituted a generic burglary, and therefore a violent felony under the ACCA. McLeod, 808 F.3d at 977. The modified categorical approach permits a court to determine whether a conviction qualifies as a predicate offense "by consulting the trial record—including charging documents, plea agreements, transcripts of plea colloquies, findings of fact and conclusions of law from a bench trial, and jury instructions and verdict forms." Id. at 975.

The issue that arose in McLeod with the application of the modified categorical approach was that McLeod was originally charged by an indictment with violent second-degree burglary under S.C. Code Ann. § 16-11-312(B) but then pleaded guilty to nonviolent second-degree burglary under S.C. Code Ann. § 16-11-312(A). Id. at 976. As such, McLeod's indictment became irrelevant in determining the crime of conviction, and the government did not present charging documents, a written plea agreement, a transcript of a plea colloquy, or a factual finding by the trial court to show that McLeod's crime of conviction, nonviolent second-degree burglary, was the same or narrower than generic burglary. As such, the Fourth Circuit could not apply the modified categorical approach and "determine whether McLeod pleaded guilty to generic burglary with respect to four of his 1998 burglary convictions," meaning that "they cannot serve as predicate offenses under [the] ACCA." Id. at 977.

In sum, McLeod does not stand for the proposition that a South Carolina burglary conviction is not a violent felony under the ACCA. Instead, the Fourth Circuit simply concluded that, in that case specifically, it did not have the information necessary to apply the modified categorial approach to determine whether McLeod's convictions were violent felonies under the ACCA. As the government notes, the Supreme Court eventually held that the modified categorical approach cannot be applied to determine if a crime qualified as a violent felony under the ACCA. Mathis v. United States, 136 S. Ct. 2243, 2253 (2016). However, Mathis was decided after Grant was sentenced, meaning it had no effect on Grant's designation as an armed career criminal.

Grant argues that Mathis should have been applied to his case because Mathis was decided before his sentence was final on May 1, 2017, which is when the Supreme Court denied his petition for certiorari. In so arguing, he relies on Griffith v. Kentucky, 479 U.S. 314 (1987). However, Griffith held that new constitutional rules of criminal procedure, i.e., conduct during criminal prosecutions, should be applied retroactively to cases that are pending on direct review and therefore not yet final. 479 U.S. at 328. Griffith's holding does not require retroactive application of Mathis because Mathis did not announce a new constitutional rule of criminal procedure. Instead, Mathis rejected the use of the modified categorial approach to determine whether a crime of conviction is the same or narrower than the relevant generic offense in the ACCA. 136 S. Ct. at 2257. The Fourth Circuit has confirmed this to be the case, explaining that "Mathis did not announce a retroactively applicable substantive change in the law" but instead "reiterated and clarified the application of the categorical approach or the modified categorical approach, to determine whether prior convictions qualify as predicates for recidivist

enhancements." Brooks v. Bragg, 735 F. App'x 108, 109 (4th Cir. 2018). As such, Mathis could not have been applied to Grant's case, even though it was not yet final when Mathis was decided. Therefore, McLeod had no impact on Grant's designation as an armed career criminal. Again, counsel cannot be defective for failing to raise an argument with no merit. As such, Grant's ineffective assistance of counsel claim fails, and his claim regarding his armed career criminal status is procedurally barred from the court's review.

### C.  U.S.S.G. § 5K2.21

Grant initially lists his third ground for his motion as "the court erred in enhancing Mr. Grant's sentence under Section 5K2.21, U.S.S.G.; and counsel was ineffective for failing to object and/or appeal same." ECF No. 112 at 6. Then in his memorandum, he states that "[t]he court erred in double counting applied sentencing enhancements under U.S.S.G. 5K2.21 and 18 U.S.C. 3553; and counsel was ineffective for failing to object." ECF No. 112-1 at 3. However, he returns to his initial argument and substantively argue that the court erred by enhancing his sentence under § 5K2.21 based on the fact that Grant would have been sentenced as an armed career criminal, which was erroneous. Id. at 14–15. Then, in his response to the government's motion, Grant argues substantively that the court erred in double counting sentencing enhancements under § 5K2.21 and § 3553. ECF No. 121 at 8–9. Because the court construes pro se filings liberally, the court will consider both arguments. These issues were not considered on appeal, meaning Grant must show ineffective assistance of counsel to establish cause for excusing procedural default.

Like Grant's ineffective assistance of counsel claim with his first claim, his counsel's failure to object to his armed career criminal designation would not excuse the procedural default of Grant's unrelated claim regarding § 5K2.21 and § 3553(a). Counsel's failure to object to one alleged error does not excuse the procedural default of another alleged error. Turning to Grant's argument regarding double counting under § 5K2.21 and § 3553(a), Grant's counsel was not ineffective for failing to object to and/or appeal the court's double consideration of the seriousness of Grant's dismissed charges because it was not impermissible double counting. As discussed above, double counting only occurs when conduct is counted twice in contradiction to an express prohibition by the Sentencing Guidelines. Section 5K2.21 prohibits consideration of the same conduct if it "enter[ed] into the determination of the applicable guideline range." However, § 3553(a) is not used to determine the applicable Guidelines range. Instead, it is used to vary upward or downward for the applicable Guideline range. Therefore, § 5K2.21 does not expressly prohibit the consideration of conduct under § 5K2.21 and under § 3553(a).

Grant relies again on Meares in support of his argument. However, as discussed above, the Fourth Circuit held that the district court erred in considering the same conduct when departing upward under § 5K2.21 and determining the applicable Guidelines range and applying a sentencing enhancement under § 3A1.1, which is expressly prohibited by § 5K2.21. 288 F. App'x at 894. Section 5K2.21 does not prohibit the consideration of the same conduct in departing upward under § 5K2.21 and varying upward under § 3553(a), meaning no impermissible double counting occurred. Because this was not an instance of impermissible double counting, Grant's counsel was

not ineffective for failing to object to and/or appeal it. As such, Grant's ineffective assistance of counsel claim fails, and the double-counting claim is still procedurally defaulted.

Finally, Grant requests that the court take judicial notice of his post-conviction rehabilitative accomplishments. Grant explains that, at the time of his response brief, he was enrolled in a technical collegiate level welding course and a technical collegiate level computer applications course and that he had completed various workbooks, education courses, and seminars. The court commends Grant on these accomplishments and Grant's commitment to bettering himself while incarcerated. However, these achievements do not provide a basis for which the court to grant any relief.

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003). Here, Grant does not meet this standard because there is nothing debatable about the court's resolution of his § 2255 petition

## IV.   CONCLUSION

For the foregoing reasons the court **DENIES** Grant's motion and **GRANTS** the government's motion.  A certificate of appealability is **DENIED.**

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**April 29, 2020**
**Charleston, South Carolina**